Núm. 7140.—Pueblo, apldo. *v.* Arroyo, aplte.—C. D. Ponce.

Noviembre 17, 1939.

(Por la Corte, a propuesta del Juez Asociado Sr. Wolf.)

Por cuanto, ésta es una apelación de una sentencia de la Corte de Distrito de Ponce que condenó al apelante por un delito de infracción al artículo 7 de la Ley núm. 14 de julio 8 de 1936, a cumplir la pena de seis meses de cárcel;

POR CUANTO, el apelante ha radicado una excepción perentoria a la acusación y de los ocho fundamentos alegados, el primero lee como sigue:

"1ro. La acusación no expone en forma alguna el distrito policíaco donde residía el acusado en la fecha en que se cometió el delito."

POR CUANTO, la acusación dice como sigue:

"El referido acusado, allá por el día 30 de diciembre de 1937, y en Yauco, P. R., que forma parte del Distrito Judicial de Ponce, P. R., ilegal y voluntariamente tenía en su poder, sin declararlo por escrito al Jefe de la Policía de Yauco un revólver siendo dicho revólver un arma de fuego, con la cual puede causarse grave daño corporal.—Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico;' (fdo.) Pedro Rodríguez Serra, Fiscal del Distrito,"

y en la misma no se alega que el acusado residía en el mencionado pueblo de Yauco;

POR CUANTO, en el caso de *El Pueblo* v. *Díaz,* resuelto el día de hoy (ante, pág. 629), se resolvió que "La posesión voluntaria e ilegal de un arma de fuego dentro de los límites de un municipio o distrito policíaco, sin haberla declarado al jefe de la policía de tal distrito, no equivale a una infracción del artículo 7, a menos que el poseedor del arma resida dentro del distrito. La residencia es un elemento esencial del delito";

POR CUANTO, habiendo resuelto que procede el primer fundamento es innecesario considerar los otros siete;

POR TANTO, se declara con lugar la excepción perentoria por el primer fundamento señalado y se revoca la sentencia apelada que dictó la Corte de Distrito de Ponce, el día 5 de abril de 1938, y se absuelve al acusado.